## LONE STAR GAS CO. v. KELLY.
### No. 1531—5843.

Commission of Appeals of Texas, Section A.
Feb. 24, 1932.

B. M. McMahan, of Greenville, and Harry P. Lawther, of Dallas, for plaintiff in error.

Thompson & McWhirter, of Greenville, for defendant in error.

CRITZ, J.

. Jack Kelly brought this suit in the district court of Hunt county against Lone Star Gas Company, a corporation, to recover damages for personal injuries alleged to have been received by him as a result of the negligence of the gas company. Kelly's petition in the district court, in substance, alleged that the gas company was engaged in laying a pipe line in Hunt county, and that while testing such line for leaks with a process by which compressed air was used a "bull plug" blew out and struck him, resulting in the injuries complained of. For the purposes of this opinion we take it for granted that the petition is sufficient to charge negligence on the part of the gas company and resulting injuries to Kelly. The gas company answered, and, among other defenses, alleged that the pipe line was being laid and all work incident thereto done by an independent contractor, and that the negligence, if any, which resulted in Kelly's injuries, was that of such independent contractor, and not the gas company.

At the close of the testimony, which came exclusively from witnesses offered by Kelly, the trial court gave a peremptory charge for the gas company, holding that the evidence conclusively shows that the negligence which produced Kelly's injuries was that of an independent contractor. The jury returned a verdict as directed, and judgment was entered accordingly. On appeal by Kelly the judgment of the district court was reversed by the Court of Civil Appeals, and the cause remanded for a new trial. 32 S.W.(2d) 699. The gas company brings error.

With reference to the issue of independent contractor, the undisputed evidence shows that the Lone Star Gas Company made a contract with Community Natural Gas Company to lay the pipe line for it, the first-named company. By the terms of the contract the Community Company was to do all work proper and necessary to lay the pipe line for an agreed sum. The Lone Star Company was to furnish the pipe and the paint, and the Community Company was to furnish the labor, machinery, and all tools necessary for the performance of the work. Under the terms of the contract between the two com-

panies the Lone Star Company had no concern in the undertaking except the finished product. In other words, the Community Company undertook, for a stipulated amount, to lay the line, duly welded in the ditch, and cover it up, according to certain plans and specifications, as a finished job. The Lone Star Company had the right to have an inspector on the job to see that the contract was complied with. As we view the record, the evidence is undisputed and conclusive that the above was the contract between the two companies.

As defined by the authorities, an independent contractor is one, who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of his work. 14 R. C. L. p. 67, par. 2. Different authorities define the term with some variations in language, but the above definition is the same in meaning as that given by all the accepted authorities.

It may further be said that an independent contractor is one whom the employer has no right to control as to the manner in which the work is done, or the means by which it is accomplished. Southern Surety Company v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7. On the other hand, it is held that the relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished by the employment of another, but, as well, the means and details of its accomplishment; not only what shall be done, but how it shall be done. Southern Surety Company v. Shoemake, supra.

When tested by the above definitions, the contract between the two companies constituted the Community Company, an independent contractor, and, since such is the case, and the undisputed testimony shows that the negligence, if any, which caused Kelly's injuries, was that of the Community Company, there is no basis in the evidence for a judgment against the Lone Star Company, and the trial court was correct in giving the peremptory charge for the last-named company.

The contract between the two companies permitted the Lone Star Company to keep an inspector on the job to see that the contract was properly carried out and the plans and specifications complied with. Such

would not destroy the position of the Community Company as an independent contractor. It is the settled law that the employer may exercise such limited control over the work as will enable him to see that the contract is being complied with. In this connection, it is held that the relation of master and servant does not exist merely because the contract reserves power in the employer to supervise the work, provided the contractor is not deprived of the right to do the work in his own way, so long as he does it in accordance with the contract. 14 R. C. L. p. 68, par. 4; 39 C. J., p. 1319, par. 1521.

The Court of Civil Appeals holds that, since there is evidence in the record tending to show that the inspector, who inspected the work for the Lone Star Company, actually exercised authority, and performed services which exceeded the duties of a mere inspector, whose duties were to see that the work was performed according to contract, the doing of such work and the exercise of such authority constituted some evidence that the Community Company was not an independent contractor. We think that, in a case where the evidence is conflicting as to the contract, evidence with reference to authority actually exercised by the inspector of the employer is admissible to aid the jury in determining what the contract really is, but in a case such as this, where the contract is conclusively established, the mere fact that the inspector may at times have exceeded his duties would not alter the legal situation. In other words, the relationship of master and servant depends, not on the exercise of control over the work, but the right to exercise such control. King v. Galloway (Tex. Com. App.) 284 S. W. 942.

Counsel for Kelly contend that the undertaking here involved was so intrinsically dangerous within itself that the Lone Star Gas Company could not legally delegate to another the right to perform it, and thereby relieve itself from liability. We see nothing so intrinsically dangerous in this work as would render it unlawful for the gas company to contract for it to be done by an independent contractor.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.