## MORENO v. TERMINAL BUILDING CORPORATION OF DALLAS.

### No. 11202.

Court of Civil Appeals of Texas. Dallas.
April 8, 1933.

Rehearing Denied May 6, 1933.

Elihu E. Berwald, Max R. Rosenfield, and Frank Ivey, all of Dallas, for appellant.

Wren, Pearson & Jeffrey, of Fort Worth, for appellee.

JONES, Chief Justice.

On the 23d day of February, 1931, Johnny Moreno, a minor, received serious and painful injuries in a collision between the bicycle he was riding and a Ford truck, driven by Robert Brown, a colored person. The facts show that the injury was received under circumstances that raises an issue as to whether Robert Brown was guilty of actionable negligence in respect to the injury. Suit was instituted by Johnny Moreno, through Helen Moreno as next friend, to recover damages against Robert Brown as an alleged employee of the Terminal Building Corporation, and against the latter as Brown's alleged employer. On the trial of the case to a jury in a district court of Dallas county, a peremptory instruction was given in favor of appellee, the Terminal Building Corporation, and appellant at once dismissed his suit as to Robert Brown. A final judgment was entered on this instructed verdict, and the dismissal of Brown from the suit, that appellant take nothing by his suit. A motion for a new trial was overruled, and an appeal to this court has been duly perfected by appellant. The following are the necessary facts:

By appropriate allegations in appellant's petition, a cause of actionable negligence against appellee was stated, and the evidence introduced by appellant made a prima facie case of such actionable negligence. The evidence of appellee on this issue tended to contradict appellant's evidence in this respect, and therefore, as to the negligence of Brown, there was clearly raised a jury issue, which fact is not contested by appellee. The question on this appeal is whether or not the evidence raised a jury issue as to whether the relation of master and servant existed between appellee and Robert Brown at the time of the injury to appellant. The evidence in respect to this issue is undisputed as to any material fact. Such evidence shows that Brown was employed by appellee as a porter in the Santa Fé building, owned by appellee; that Brown's duties as porter were to assist other porters in cleaning up the building, to keep its halls free from trash, and to deposit the trash at the loading dock on the building's first floor; that his employment required him to be on duty at this work from the hour of 6 o'clock a. m. to 12 o'clock noon, and from 2 o'clock p. m. to 6 o'clock p. m. During the two hours of intermission between his working hours, that is, from 12 noon until 2 p. m., he was off duty, and this time was his own to use as he pleased; that from 6 p. m. to 6 a. m. he was also off duty, and the intervening hours were likewise his own; that for this work as porter he was paid by check issued by appellee twice

a month, each check being for $40 or a monthly employment hire of $80. One Robert Williams was employed as head porter at the Santa Fé building, and his hours for work were the same as those for Brown, and he was paid in the same manner.

The undisputed evidence further shows that the trash placed on the dock by the porters and other employees in the Santa Fé building was hauled to the city dumping grounds by some one employed by appellee for such purpose; that on December 1, 1929, an oral contract was entered into between appellee and Williams, under the terms of which Williams, either during the hours of intermission at noon, or between the hours from 6 p. m. to 6 a. m., was to haul the trash from the dock to the city dump; that this work was to be done by Williams by means of any vehicle he should select, and by the use of any help that he should choose, the only stipulation being that the trash was to be carried away to the city dump during the times that Williams was off duty. The undisputed evidence further shows that Williams hired a truck from its owner, who was in no way connected with the Santa Fé building, and employed Robert Brown to drive said truck to the city's dumping ground and return to the Santa Fé building between the hours of 12 noon and 2 p. m. of each day; that the Santa Fé building owned no trucks or other vehicle that could be used for such purpose; that Williams was to receive, from appellee, $1.25 for each load of trash dumped, and to be paid weekly by appellee on an itemized statement of the loads hauled during the week, and that approximately two loads of trash were required each week to clear the dock; that neither appellee nor its manager knew of Brown's employment, or knew from whom Williams got the truck; that Brown was paid weekly by Williams for his services as driver of the truck. Appellee alleged, by appropriate pleadings, that the contract with Williams constituted him an independent contractor, and that, during the time Williams was operating under his contract for removing the trash, he was not its servant or employee, and that during the time Brown was engaged in the work of driving Williams' truck to and from the city dump he was not its servant or employee, but was an employee of Williams; or, in other words, that there existed between appellee and Williams and Brown, no relation of master and servant while the truck was being operated under the contract for hauling the trash.

There being no dispute in the evidence as to the terms of the contract between appellee and Williams, it became the duty of the court to construe its legal effect. Did such contract, as a matter of law, determine the status of Williams as that of an independent contractor, and that of Brown as an employee of such contractor? We think so. "An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed." 19 A. L. R. 235, note. We are of the opinion that the facts of this case bring it clearly within the definition above given. A similar definition is given in the Texas cases of Lone Star Gas Co. v. Kelly (Tex. Com. App.) 46 S. W.(2d) 656; Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7, and also in 14 R. C. L. p. 67, par. 2.

The undisputed evidence in respect to this contract clearly shows that appellee neither retained to itself, nor exercised any power of control over, the details as to the manner or the means Williams was to employ in removing this trash. Under the authorities above cited, we are of the opinion that the court did not err in giving the peremptory instruction, and that this case ought to be affirmed.

Affirmed.