**LAIRD v. UTILITIES INS. CO. et al.**

**No. 2954.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1936.

A. L. Bevil, of Kountze, for plaintiff in error.

Battaile & Burr, of Houston, for defendants in error.

COMBS, Justice.

This is a compensation case. It was tried in the district court of Hardin county without the intervention of a jury, and resulted in a judgment in favor of the insurance company, from which judgment the appellant brings this appeal.

Appellant, Amos Laird, sustained an injury resulting in hernia October 9, 1933, while clearing a right of way for an oil pipe line. The pipe line was being constructed from Sour Lake to the Ariola oil field in Hardin county, a distance of eleven miles, under a contract between the Texas Company and N. A. Saigh Company, which the testimony shows was N. A. Saigh personally. The Federal Underwriters Exchange was the compensation insurance carrier for N. A. Saigh. The Utilities Insurance Company was also a party to this suit originally as compensation insurance carrier for the Coale Lumber Company, but the plaintiff abandoned his suit as to said company and prosecuted the suit as against the Federal Underwriters Exchange. The appellant was employed by one Frank Elliott, and the only question involved here is whether Elliott merely acted as foreman for N. A. Saigh or whether he was, in fact, an independent contractor. As above mentioned, N. A. Saigh had the general contract with the Texas Company for the installation of the pipe line. It is shown that Frank Elliott had worked for him on previous occasions and since the date of the accident. On Friday, before the beginning of the week during which Laird was injured, Saigh called Elliott on the telephone and made a trade with him to clear about nine miles of the eleven miles of right of way for an agreed amount of $950, and on the following Sunday Elliott began the work. The contract between Saigh and Elliott was not reduced to writing until about the time or shortly after the job was completed. It is shown that in the contract between the Texas Company and Saigh it was required that a standard scale of wages be paid for the work done on the pipe line. Elliott appears not to have known exactly what the scale of pay would be. Saigh at first told him to pay 40 cents, then to pay 45 cents per hour, and finally the men were paid 48 cents per hour. When Elliott complained that he could not come out on the job and pay that figure, Saigh told him that he would stand behind him on it, and it seems that at the

conclusion of the job Saigh did pay him something more than the $950 originally agreed upon. However, Elliott testified that he did not make anything on the contract. It seems that Laird and all other employees of Elliott were paid by checks of N. A. Saigh issued directly to them from the time book. It was also testified that Mr. Saigh came out two or three times on the right of way where Laird and the other employees of Elliott were working and looked over the work. However, it is not shown that Saigh directed the manner in which they were to perform their work. It appears, we think without dispute, that Elliott hired his own crew and directed their work, and that he undertook to perform the job of clearing the right of way in accordance with certain required specifications. When Laird received his injury, Mr. Elliott sent him to Dr. Frank Hart with a note requesting the doctor to examine him and stating that he was injured on the N. A. Saigh job.

We think it clearly established by the preponderance of the evidence, if in fact it does not appear from the evidence as a whole without dispute, that Laird and the other employees engaged in clearing the right of way under Elliott were employed by Elliott. He had the power to employ and to discharge men engaged in clearing the right of way and he alone supervised and directed their work. Mr. Saigh's testimony was to the effect that Elliott was clearing the right of way several miles ahead of the pipe line operation and that he (Saigh) went out several times to where Elliott was at work to see what progress he was making; that he did not confer with Elliott about the work nor direct the men how they were to perform the work. He said he paid the men their wages and deducted their payments from the amount which was due Elliott under the contract.

 As said by Judge German, speaking for the Commission of Appeals, in Shannon v. Western Indemnity Co., 257 S.W. 522, 524: "A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

And in Lone Star Gas Co. v. Kelly (Tex.Com.App.) 46 S.W.(2d) 656, it was held that one contracting to lay pipe line for a specific price, according to his own methods subject to inspection of result by the employer, was an independent contractor. Many authorities might be cited to the same effect.

 We think the evidence here clearly established as a fact that N. A. Saigh had no control over the men employed by Elliott or over the work performed by Elliott other than to see that it was performed according to the contract. Such being the case, Laird was an employee of Frank Elliott, the independent contractor, and not an employee of N. A. Saigh. It follows, of course, that he was not covered by Saigh's compensation insurance contract and the trial court properly denied recovery.

The judgment of the trial court is affirmed.