## CLARK v. LYNCH.
### No. 14062.

Court of Civil Appeals of Texas.
Fort Worth.

March 29, 1940.

Rehearing Denied April 26, 1940.

Smoot & Smoot, of Wichita Falls, for appellant.

W. T. Locke and Kelly Tipps, both of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

R. H. Clark, defendant in the court below, has prosecuted this appeal from a judgment against him in favor of plaintiff, Emmett Lynch, in the sum of $175 for injuries to his automobile when it was struck by defendant's truck on a public street in the City of Wichita Falls, Texas, while plaintiff's wife was driving it and while the truck was being driven by Tommie Ewing, who plaintiff alleged was defendant's servant.

Tommie Ewing was working for defendant under a written contract of employment, which, in specific terms, stipulated that he was engaged in soliciting and securing laundry work for his customers in the City of Wichita Falls, but was without facilities for doing laundry work; that defendant would receive and launder all laundry delivered to him by Ewing, which Ewing would procure by his own efforts and methods, free of any control on the part of defendant, as respects the manner and details of the work so done by Ewing; that Ewing would pay defendant certain scheduled charges for all laundry finished and delivered to him by defendant, less a discount of 20 per cent if Ewing

furnished the vehicle for gathering and transporting the laundry, and less a discount of 5 per cent if defendant should furnish such vehicle, which would be used by Ewing for his own benefit and free of any control by defendant; that Ewing would settle for the laundry work so done and delivered to him by defendant on Saturday night of each week; with the further stipulation that the contract was one of employment of Ewing as an independent contractor, and not as defendant's servant.

Based on that contract, defendant alleged that at the time of the accident, Tommie Ewing was not defendant's servant, but was working as an independent contractor.

The record further shows that when the collision occurred, Tommie Ewing had made a trip to the Scotland Addition in Wichita Falls to get some laundry and was taking it to defendant's place of business, to be there laundered as provided in said contract of employment.

In answer to special issues, the jury found that Tommie Ewing was guilty of negligence in the particulars alleged in plaintiff's petition, which was the proximate cause of the collision, and that plaintiff's wife was not guilty of contributory negligence, as alleged by defendant; that Tommie Ewing was not an independent contractor, but was defendant's servant; and that plaintiff's automobile was damaged in the sum of $175, as the result of the collision.

Appellant presents the contention that the contract of employment set out above showed conclusively as a matter of law that Tommie Ewing was working as an independent contractor and not as defendant's servant, and for that reason the court erred in overruling defendant's motion for an instructed verdict in his favor, as to the whole case.

The following announcement by our Supreme Court, in Cunningham v. International Railroad Co., 51 Tex. 503, 32 Am. Rep. 632, has been uniformly followed by our Appellate Courts, in determining whether an employee is the servant of his employer or is an independent contractor:

"In the first relation, that of master and servant, the master has the right to direct the conduct of the servant and the mode and manner of doing the work, and hence his corresponding liability for an improper execution of the same. (Wood on Master and Servant, sec. 281.)

"'He is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate result of the work, but in all its details.' (Shear. & Red. on Neg., sec. 73.)

"In the second relation, that of employer and independent contractor, there is no such control and direction by the employer over the servant in the details of the work.

"'The true test * * * by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished.' (Shear. & Red. on Neg., secs. 76–79; 1 Red. on Railways, 505; Pack v. Mayor of City of New York, [8 N.Y. 222], 4 Seld. 222.)"

Following are some of the many decisions that have applied that test: Southern Surety Co. v. Shoemake, Tex.Com. App., 24 S.W.2d 7; Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522; Lone Star Gas Co. v. Kelly, Tex. Com.App., 46 S.W.2d 656; Security Union Ins. Co. v. McLeod, Tex.Com.App., 36 S.W.2d 449; Traders & General Ins. Co. v. Fletcher, Tex.Civ.App., 118 S.W.2d 347, writ of error dismissed; National Cash Register Co. v. Rider, Tex.Com.App., 24 S.W.2d 28; Dave Lehr v. Brown, 127 Tex. 236, 91 S.W.2d 693; Davis v. Gen. Accident Fire & Life Assur. Corp. Tex.Civ. App., 127 S.W.2d 526; Shahan v. Briggs & Co., Tex.Civ.App., 123 S.W.2d 686.

And in Lone Star Gas Co. v. Kelly, Tex.Com.App., 46 S.W.2d 656, 657, supra, this was said, in opinion of Justice Critz: "We think that, in a case where the evidence is conflicting as to the contract, evidence with reference to authority actually exercised by the inspector of the employer is admissible to aid the jury in determining what the contract really is, but in a case such as this, where the contract is conclusively established, the mere fact that the inspector may at times have exceeded his duties would not alter the legal situation. In other words, the relationship of master and servant depends,

not on the exercise of control over the work, but the right to exercise such control. King v. Galloway (Tex.Com.App.) 284 S.W. 942."

It follows, therefore, even if it be said that some testimony introduced as to the manner in which he performed the service for which he was employed tended to show that in fact Tommie Ewing was defendant's servant—which we gravely doubt—yet the same cannot be given effect and thereby contradict the terms of his written contract of employment.

Accordingly, the assignment of error now under consideration is sustained, the judgment of the trial court is reversed, and judgment is here rendered in favor of the appellant; without the necessity of a determination of the merits of other assignments of error. And in this connection, we will add that we have read decisions cited and relied on by appellee, viz., Spears Dairy v. Bohrer, Tex.Civ.App., 54 S.W.2d 872, and Maryland Casualty Co. v. Kent, Tex.Com.App., 3 S.W.2d 414, but conclude that they are distinguishable from the case at bar, in the facts involved, and are not in variance with the decisions noted above.

Reversed and rendered.