**Dr. J. W. WEEKS et al., Appellants,**

**v.**

**TEXAS ILLINOIS NATURAL GAS PIPE-
LINE COMPANY et al., Appellees.**

**No. 12810.**

Court of Civil Appeals of Texas.

Galveston.

Feb. 24, 1955.

Rehearing Denied March 17, 1955.

W. James Kronzer, Houston, Hill
Brown, Kronzer & Abraham, Houston,
of counsel, for appellants.

Powell, Wirtz, Rauhut & McGinnis,
William A. Brown and Ben H. Powell, Jr.,
Austin, for appellees.

HAMBLEN, Chief Justice.

This suit was instituted in the District
Court of Jackson County by appellants,
Dr. J. W. Weeks and his wife, Myrtle E.
Weeks, and G. A. Harrison, to recover
damages against Texas Illinois Natural Gas
Pipeline Company, H. C. Price Company,
and R. L. McMillan. Texas Illinois Natu-
ral Gas Pipeline Company and H. C. Price
Company filed a motion for summary judg-
ment in their favor which was granted by
the trial court. For reasons not disclosed
by the record, appellants dismissed their
suit against R. L. McMillan, and have ap-
pealed from the judgment favorable to
appellees, Texas Illinois Natural Gas Pipe-
line Company and H. C. Price Company.

The following facts are agreed by the
litigants to be true. J. W. Weeks and wife
are the fee owners of 750 acres of land in
Jackson County. G. A. Harrison was a
tenant of such owners under a grazing
lease. Appellant Weeks granted an ease-
ment to Texas Illinois Natural Gas Pipe-
line Company across a described portion of
such 750 acre tract for the construction,

322

installation and maintenance of a gas pipeline. The pipeline across appellants' property was a portion of a line which when completed would extend from a point in Texas south of appellants' property, to a point in the State of Illinois. Texas Illinois Natural Gas Pipeline Company contracted with H. C. Price Company for the installation of that portion of the total pipeline which lay within the State of Texas. H. C. Price Company in turn contracted with Western Pipe Line Constructors, Inc. for the installation of that portion of the line within Texas which included the portion crossing appellants' property. R. L. McMillan was employed by Western Pipe Line Constructors, Inc. as superintendent of its work under such sub-contract. While the last named company was engaged in the work of installing the pipeline across appellants' property under the supervision of its employee, R. L. McMillan, a fire set for the purpose of disposing of rubbish on the easement spread beyond the limits of the easement and destroyed the grass upon a portion of appellants' property, thus giving rise to the damages for which recovery was sought in the trial court. Western Pipe Line Constructors, Inc. was not named as defendant.

Appellees' motion for summary judgment was based upon two propositions: first, that the fault, if any, lay with Western Pipe Line Constructors, Inc., an independent contractor, or its employee, R. L. McMillan, and did not result from the breach of any duty owed by appellees, and second, that they were in any event relieved of liability by virtue of a release designated "Receipt for Damages (Advance)", executed by J. W. Weeks contemporaneously with the grant of the easement.

The judgment is attacked by appellants upon the proposition that disputed issues of fact existed as to: 1. the non-delegability of appellees' duty not to damage appellants' land, 2. the liability of appellees for waste; and 3. whether the "Receipt for Damages (Advance)" effectively released appellees from liability for the type of damages sued for. This Court is of the opinion that as a matter of law, the undisputed facts nega-

tive the existence of liability on the part of appellees, and that the judgment of the trial court should be affirmed. This conclusion makes it unnecessary to consider the contentions of the litigants relative to the "Receipt for Damages (Advance)".

■ The general rule relative to the liability of an employer for acts of an independent contractor is stated as follows in 23 Texas Jurisprudence, page 558, Sec. 15: "The basic rule of this subject is that an employer is not responsible for the acts or omissions of an independent contractor, his subcontractors or servants, committed in the prosecution of work that is not in itself unlawful or attended with danger to others. The employer having no duties, he is not liable because the contractor may have violated the obligations resting upon him."

Appellants make no contention that the work contracted for is unlawful, and concede that it is not inherently dangerous. They contend however that the work was such that injury or damage could flow if not properly done, and therefore the employer cannot escape liability by delegating the performance of the work to an independent contractor. In support of their contention, appellants cite North American Dredging Co. v. Pugh, Tex.Civ.App., 196 S.W. 255; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; and El Paso Electric Co. v. Buck, Tex.Civ.App., 143 S.W.2d 438. None of such authorities is considered to be factually analogous or legally applicable to the present case. In North American Dredging Co. v. Pugh [196 S.W. 256], decided by this Court, an employer was held liable for the act of an independent contractor in depositing mud upon plaintiff's land during dredging operations on the Houston Ship Channel. Liability was predicated upon the proposition that the injury was occasioned as a direct result of the doing of the work, not as a result of negligent acts of the contractor. The opinion states: "'In other words, he (the employer) is answerable for injuries which necessarily follow the performance of the work, and which are not

the result merely of collateral negligence of the contractor.'" In Kampmann v. Rothwell, decided by the Supreme Court of Texas, the owner of property contracted for the construction of a sidewalk, and the work necessarily constituted an obstruction or defect in the sidewalk, which rendered it dangerous as a passage way unless properly guarded. On these facts it was held that the owner could not defeat liability for injury sustained by a pedestrian on the ground that the work was performed by an independent contractor. In El Paso Electric Co. v. Buck, the installation of electrical fixtures was held to be intrinsically and inherently dangerous. Also that case did not involve an independent contractor, but a servant or employee controlled by the defendant.

 In the present case, the injury sustained by appellants resulted not as a natural or necessary consequence of the work of installing a pipeline, but rather, it seems clear to this Court, from collateral negligence of the subcontractor in the manner in which such work was performed. Under such circumstances, the employer is not responsible. Wilson v. Crutcher, Tex. Civ.App., 176 S.W. 625; Ewing v. Litzmann, Tex.Civ.App., 188 S.W. 742.

The center line of the easement granted by appellant Weeks to appellee Texas Illinois Natural Gas Pipeline Company was specifically described in a written instrument, under the terms of which said appellee was granted an easement 75 feet in width for the original laying of the pipeline, and 30 feet in width for maintenance and other purposes. The fire damage sued for admittedly occurred outside of such stated easement limits. Appellants contend that the damage by fire constitutes waste for which appellees are liable by virtue of that portion of the grant which provides as follows: "Grantee shall have all rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted, with the right of ingress and egress to and from said right of way and easement, provided, that after the laying of said pipeline said right of ingress

and egress of the grantee shall be limited to the said thirty (30) foot right of way as above delineated and to existing roads." It is the opinion of this Court, that the quoted portion of the grant did not create in appellees any such possessory interest or right in appellants' property beyond the limits of the specific right of way granted, as to make appellees liable for the fire damage upon the theory of waste.

Judgment affirmed.