**STATE of Texas et al., Appellants,**

v.

**LeBLANC, INC., Appellee.**

**No. 14700.**

Court of Civil Appeals of Texas.

Houston.

Feb. 24, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., and J. C. Davis and Malcolm L. Quick, Asst. Attys. Gen., Austin, for appellants.

St. John Garwood, Jr., Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from the action of the trial court in granting a summary judgment. The principal question to be decided is whether a contractor is liable for damage to the premises of the owner, with whom he has contracted to construct improvements, where such damage is caused by the negligence of a sub-contractor.

Appellee entered into a contract to construct certain alterations, additions and improvements to the pharmacy building of Texas Southern University in accordance with lengthy and detailed plans and specifications. Thereafter appellee sub-contracted all of the electrical work to a company not a party to this suit. Prior to the completion of the contract an electrical fire occurred in the main switchboard panel of the building. This panel is the central electrical distribution point both for the old building and the new addition, and the fire caused damage throughout the area served by the panel. Appellee repaired all damage to the work required to be constructed by it in the plans and specifications at its own expense. It refused to repair damage to the old building caused by the fire. Texas Southern University caused it to be repaired by another contractor and withheld the cost from the amount due appellee under its contract.

Appellee secured legislative permission to do so and brought suit against the State of Texas for the amount of the contract price so withheld. After securing answers to Requests for Admissions, appellee filed its motion for summary judgment together with a supporting affidavit. The State's answer to the motion incorporated its answer on the merits by reference and is

signed by an Assistant Attorney General and acknowledged in this fashion:

STATE OF TEXAS }
COUNTY OF TRAVIS }

BEFORE ME, the undersigned authority, on this day personally appeared Malcolm L. Quick, Assistant Attorney General, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same, that he had personal knowledge of the matters contained therein, and that he is competent to testify to those matters, and that the information contained therein is true and correct.

/s/ Mrs. Zora H. Thurman
Notary Public, in and for Travis County, Texas.

Appellee's motion for summary judgment was granted by the trial court. On this appeal the State presents as its only point of error this proposition: "The trial court erred in granting summary judgment for the reason that a genuine issue as to a material fact exists in this cause."

Appellants insist that this suit arises under a construction contract between appellants as owners and appellee as prime contractor; that there was no contractual relationship between the owners and the subcontractor, Melton Electric Company; and that insofar as appellants are concerned, the actions of Melton Electric Company are the actions of appellee, LeBlanc, Inc. On this premise appellants assert that the record reflects that issue has been joined on the following facts:

(1) Did Melton Electric Company, as sub-contractor for LeBlanc, Inc., negligently wire the electrical distribution panel, and was such negligence the proximate cause of the fire?

(2) Did LeBlanc, Inc., its agents, employees and sub-contractors, have exclusive possession and control of the electrical distribution panel? [This is the essential element of the Appellants' defense of res ipsa loquitur.]

It is obvious that the question stated in (1) above could not be material to a determination of the matters at issue unless appellee is responsible for the negligence of Melton Electric Company.

Appellee has established by its affidavit that Melton Electric Company as an independent contractor did all of the electrical work called for by the contract including tying in distribution lines into the central panel and that LeBlanc, Inc., through its employees, had no actual possession of, or did no work on, the electrical distribution panel. Under these circumstances the question posed in (2) above would not be material unless appellee is responsible for the actions of Melton Electric Company under the doctrine of respondeat superior.

Appellee has completed his contract with the owner in that the construction and improvements have been finished, delivered to the owner in proper condition, and occupied by the owner. Payment was withheld because of damage to other property of the owner, allegedly by reason of the negligence of the sub-contractor. The usual rules of law governing negligence actions are applicable. There is no evidence of a master-servant relationship between the appellee and the sub-contractor. Appellee, therefore, is not liable for the damage caused by the negligence of the sub-contractor in the absence of any question of contractual liability. Weeks v. Texas Illinois Natural Gas Pipeline Co., Tex.Civ.App.1955, 276 S.W.2d 321; Rector v. Walden, Fulton & Payne, Tex.Civ.App. 1954, 276 S.W.2d 933, ref., n. r. e.

In 27 Amer.Jur., Independent Contractors, § 20, this statement is found:

"Dual Character of Relation.— Although in all ordinary transactions, the existence of the relation of independent contractor and principal employer, as between two given persons, excludes that of principal and agent, or master and servant, there is not necessarily such re-

pugnance between them that they cannot exist together with regard to different portions of the same work; and an employee may be an independent contractor as to certain work, and yet be a mere servant as to other work for the same employer. In cases where such concurrent existence is established, however, the enforceability of the claim, whatever it may be, depends upon whether, at the time when the circumstances to which the claim has reference supervened, the person employed was acting in the capacity of an independent contractor, servant, or agent."

Since no issue of fact is presented by the record as to whether the sub-contractor occupied the status of an independent contractor while engaged in the work required by its contract with appellee, the mere fact that the work performed by the sub-contractor was work for which appellee was responsible under the contract with appellants did not make the sub-contractor an agent or servant of the contractor.

 Since appellee's motion was supported by admissions and an affidavit sufficient upon its face to establish facts which, if proven at the trial, would have entitled appellee to an instructed verdict, it was incumbent upon appellants to specify opposing evidence which raised an issue as to some material fact. Sparkman v. McWhirter, Tex.Civ.App.1954, 263 S.W.2d 832, writ ref.; Gulf, C. & S. F. Ry. Co. v. McBride, 1959, 159 Tex. 442, 322 S.W.2d 492.

 The answer filed in opposition to the motion for summary judgment cannot be considered as an affidavit. The notary public has merely certified that the person signing the pleading stated that the matters set out therein were true and correct. It is essential that one making an affidavit swear or affirm under oath that the facts stated are true. In addition, it appears from the instrument that knowledge of the facts stated therein was probably acquired by the Assistant Attorney General from others since it is improbable that he was present and saw appellee, its employees and agents, when they performed work on the central electrical panel or that he knows from personal inspection that the fire started in the central panel and spread to electrical conduits and wiring in the old building. When an attorney makes such an affidavit and it appears improbable that he knows the facts stated therein from personal experience, the affidavit should contain specific details which would be admissible in evidence at a trial. Sparkman v. McWhirter, supra; Lawyers Surety Corp. v. Sevier, Tex.Civ.App.1961, 342 S.W.2d 604; Nagelson v. Fair Park Nat. Bank, Tex.Civ.App.1961, 351 S.W.2d 925, ref., n. r. e.; Gaston v. Copeland, Tex.Civ.App.1960, 335 S.W.2d 406, ref., n. r. e.

The judgment of the trial court is affirmed.