**INTRATEX GAS COMPANY et al.,**
**Appellants,**

v.

**Mike A. BURKHOLDER, Appellee.**

No. 6360.

Court of Civil Appeals of Texas,
El Paso.

Jan. 9, 1974.

Stubbeman, McRae, Sealy, Laughlin & Browder, Rodney W. Satterwhite, Milton L. Bankston, Midland, Foy, Cobb, Campbell & Gall, Grover B. Cobb, Houston, for appellants.

Hart Johnson, Fort Stockton, for appellee.

OPINION

OSBORN, Justice.

This is a venue case. The Appellee, Mike A Burkholder, as lessee of certain farm land in Pecos County, filed suit against the Appellant, Oasis Pipe Line Company, the Appellant, Intratex Gas Company, and Whittaker Pipeline Constructors, Inc., which is not a party to this appeal, alleging damages resulting from the construction of a gas line across the farm land he had under lease. Oasis and Intratex filed Pleas of Privilege to be sued in Harris County. The Appellee filed controverting pleas and after a hearing the trial Court overruled the pleas of privilege. We reverse the decision of the trial Court and order the case against Oasis and Intratex transferred to Harris County.

In Appellee's First Amended Original Petition, he alleged that in 1971 and 1972 he was in possession of and farming two sections of land in Pecos County across which Intratex obtained easements to construct a natural gas pipeline. According to the record in this case, Intratex assigned and conveyed its rights to Oasis, and Oasis contracted with Whittaker to construct 108 miles of a 36 inch pipeline in Pecos and Crockett Counties, according to the drawings and specifications. This contract provided:

"All work shall be performed in a thorough and workmanlike manner and shall meet with the approval of Company's inspectors; provided, however, that no inspection or suggestion by agent of the Company shall operate to control the method of performance of the work hereunder, the manner and method of performing the same being under the sole control and direction of Contractor, Company having an interest only in the results obtained, and Contractor shall perform all work hereunder as an independent Contractor."

Although Oasis remained the owner of the gas line, Intratex was to inspect the construction work and operate the line after it was completed. Intratex has no contractual relationship with Whittaker.

The Appellee alleged that the ditch for the pipeline was open for sixty days and that after the construction of the pipeline had been completed the surface was not returned to its original condition. He seeks damages for loss of unharvested cotton, cost of reconditioning the surface of the land, loss of a crop for one year, and damages resulting from the break in a gas line to one of his water wells, plus depreciation in market value of cattle he had to move to another pasture. Appellee contends venue should be maintained in Pecos County against Oasis under Subdivisions 23 and 9a of Article 1995, Vernon's Tex.Rev.Civ. Stat.Ann., and against Intratex under Subdivision 23 of Article 1995, Tex.Rev.Civ. Stat.Ann. Appellee recognizes that the work of building the pipeline was done by Whittaker, as an independent contractor. Nevertheless, he contends that the work was done negligently and asserts in his brief, but not in any pleading, that since it was inherently dangerous work the owner is liable for the consequences.

■ In order to maintain venue under Subdivision 23, it was necessary both to plead specifically and to prove facts showing a cause of action arose in favor of the Appellee against the Appellants. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); Employers Casualty Company v. Clark, 491 S.W.2d 661 (Tex.Sup.1973). This he failed to do. First, there is no pleading that the work was inherently dangerous. Second, there was no proof of inherently dangerous work, which would make an owner liable for the acts of an independent contractor.

In Lone Star Gas Co. v. Kelly, 46 S.W. 2d 656 (Tex.Comm'n App.1932), the Court reviewed a case where damages were awarded to one injured during testing operations where a gas line had been built by

an independent contractor, and in denying recovery against the owner of the line said:

> "Counsel for Kelly contend that the undertaking here involved was so intrinsically dangerous within itself that the Lone Star Gas Company could not legally delegate to another the right to perform it, and thereby relieve itself from liability. We see nothing so intrinsically dangerous in this work as would render it unlawful for the gas company to contract for it to be done by an independent contractor."

The Court in that opinion also noted that the fact that the owner kept inspectors on the job to see that the contract was properly carried out would not destroy the independent contractor relationship with the one performing the contract.

In Weeks v. Texas Illinois Natural Gas Pipeline Company, 276 S.W.2d 321 (Tex. Civ.App., Galveston 1955, no writ), suit was brought to recover damages sustained from a fire intentionally started during pipeline construction work in order to dispose of rubbish on the easement. In affirming a summary judgment for the owner of the pipeline, the Court rejected the same contentions presented in the case now before this Court and said:

> "The general rule relative to the liability of an employer for acts of an independent contractor is stated as follows in 23 Texas Jurisprudence, page 558, Sec. 15: 'The basic rule of this subject is that an employer is not responsible for the acts or omissions of an independent contractor, his subcontractors or servants, committed in the prosecution of work that is not in itself unlawful or attended with danger to others.'"

Those cases upon which the Appellee relies involve blasting operations, highway construction work or some type of unlawful conduct and are not controlling in this case where there was neither pleading nor proof of inherently dangerous work.

■ Our Courts have long recognized that where one has a legal right to locate, construct, maintain and operate lines across the land of another, and those rights are exercised with due care, there can be no recovery for damages resulting from the mere exercise of those rights. Lone Star Gas Co. v. Hutton, 58 S.W.2d 19 (Tex.Comm'n App.1933). In this case, there is no question but that a right-of-way had been obtained through the execution of an easement and through condemnation proceedings. We therefore must conclude, as Judge Sharp did in the Hutton case:

> "To hold * * * that the gas company was not permitted to enjoy those privileges free from damages necessarily incident to the enjoyment of those rights, and permit the assessment of damages not due to the result of negligence or care on its part, would be a violation of its legal rights."

■ Intratex, having performed none of the work about which complaint was made, and Oasis, having retained no right to control the details of the work performed by Whittaker, neither was shown to have been responsible for the acts and conduct about which complaint was made by Appellee, and he failed to establish a prima facie case so as to defeat Appellants' rights to be sued in their home County, as provided for by law.

The order of the trial Court is reversed and that part of the suit against Oasis Pipe Line Company and Intratex Gas Company is ordered transferred to a proper District Court in Harris County.