**Bruce KILLOUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00112–CR.**

Court of Appeals of Texas, Waco.

Jan. 10, 2007.

---

**344**

Angela J. Moore, Chief Public Defender, San Antonio, for appellant.

Susan D. Reed, Bexar County Dist. Atty., San Antonio, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ABATEMENT ORDER

PER CURIAM.

Appellant filed a motion to abate the appeal because a part of the trial is missing from the reporter's record. The part missing is a transcription of portions of a witness's statement recorded on a DVD which was played to the jury for impeachment purposes but not introduced into evidence. Appellant contends it is the court reporter's duty to transcribe proceedings fully and accurately, including recordings played in open court, citing the 1999 version of the Uniform Format Manual for Texas Court Reporters. The court reporter responded that the Manual has been amended and now no longer requires a contemporaneous transcription of audio/video exhibits played in open court "unless the Court so orders." Uniform Format Manual for Texas Court Reporters, § 16.16 (amended 2003); *but see* TEX. R.APP. P. 13.1(a) (The official court reporter must, unless excused by agreement of the parties, make a full record of the proceedings.)

Obviously, there is a dispute as to the accuracy or completeness of the reporter's record. We grant Appellant's motion to the extent that we abate this appeal and submit this dispute to the trial court to be resolved. *See* TEX.R.APP. P. 34.6(e)(3) and (e)(2). If the court reporter does not possess a transcription of the portions of the DVD played to the jury, or is unable to determine from the reporter's notes what portions of the DVD were played to the jury, the trial court may require the State and Appellant to make an attempt to agree as to what portions of the DVD were played to the jury and provide the court reporter with those portions so that she may transcribe those portions for a supplemental record to be filed with this Court. *See* TEX.R.APP. P. 34.6(e)(1); *Routier v. State*, 112 S.W.3d 554, 565 (Tex.Crim.App. 2003). If the State and Appellant cannot agree on whether or how to correct the reporter's record so that it accurately discloses what occurred in the trial court, the trial court must, after notice and hearing, settle the dispute pursuant to the procedure specified in the Rules. TEX.R.APP. P. 34.6(e)(2). *See generally In the Matter of the Estate of Arrendell*, 213 S.W.3d 496, 500 – 503 (Tex.App.-Texarkana, 2006, no pet. h.).

This appeal is abated. Any hearing by the trial court must be held within 30 days

from the date of this order. A supplemental or complete new reporter's record must be filed within 45 days from the date of this order.