IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00248-CR

 

Jeffrey Stuart Katz,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 30259CR

 



MEMORANDUM  Opinion










 

        Katz appeals his conviction
for state-jail-felony evading arrest or detention while using a vehicle.  See
Tex. Penal Code Ann.
§ 38.04 (Vernon 2003).  We affirm.

        Sufficiency of the
Evidence.  In Katz’s first two issues, he contends that the evidence
that he intended to evade arrest or detention was insufficient.

        The Texas Penal Code creates
the offense of evading arrest or detention in the following terms: “A person
commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him.”  Tex. Penal Code Ann. § 38.04(a).

        Legal Sufficiency.  In
Katz’s first issue, he contends that the evidence was legally insufficient.

        “When we review” the evidence
under “the legal sufficiency standard set out in Jackson v. Virginia, ‘the
relevant question is whether, after reviewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.’”  Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Jackson v.
Virginia, 443 U.S. 307, 319 (1979)); accord Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007); Wilhoit v. State, 638 S.W.2d 489,
494 (Tex. Crim. App. 1982).

        The State points primarily to
the following evidence.  Officer Robert Daniel, a Waxahachie police officer,
attempted to stop Katz for speeding on Interstate 35.  See Tex. Transp. Code Ann. §§ 545.351(a),
545.352(a) (Vernon 1999).  Officer Daniel, using his flashing lights, siren,
and public-address system, signaled for Katz to stop.  Officer Daniel testified
that Katz continued to speed down the access road for about four and a half
minutes and about three or four miles before stopping at a gas station. 
Officer Daniel stopped Katz during the middle of the afternoon, when traffic
was not heavy on the access road.  Katz passed “[n]umerous” safe places to pull
off of the road and stop, including the shoulder and cross streets.  (9 R.R. at
18.)  When Officer Daniel approached Katz’s truck, Katz refused to get out.  Katz
told Officer Daniel that Katz was not subject to the laws of Texas.  Katz did
not have a driver’s license.  See Tex.
Transp. Code Ann. § 521.025(a)-(c) (Vernon 2007).  Katz had
outstanding warrants for his arrest for traffic offenses.  Katz testified that
a police officer could not legally stop him for speeding.[1]

        Viewing the evidence in the
light most favorable to the prosecution, we hold that a rational juror could
have believed beyond a reasonable doubt that Katz intended to evade arrest or
detention.  The evidence that Katz did so was legally sufficient.  We overrule
Katz’s first issue.

        Factual Sufficiency.  In
Katz’s second issue, he contends that the evidence was factually insufficient.

        “Evidence may be factually
insufficient if: 1) it is so weak” that the verdict is “clearly wrong and
manifestly unjust or 2) the adverse finding is against the great weight
and preponderance of the available evidence,” “considering conflicting
evidence.”  Berry v. State, 233 S.W.3d 847, 854 (Tex. Crim. App. 2007) (quoting
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (internal
quotation marks omitted)); see Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006); see also Rollerson v. State, 227 S.W.3d 718, 724
(Tex. Crim. App. 2007).  “A clearly wrong and unjust verdict occurs where the
jury’s finding is manifestly unjust, shocks the conscience, or clearly
demonstrates bias.”  Berry at 854 (citing Sells v. State, 121
S.W.3d 748, 754 (Tex. Crim. App. 2003)); accord Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997).  “[A]n appellate court must first be
able to say, with some objective basis in the record, that the great weight
and preponderance of the . . . evidence contradicts the jury’s verdict
before it is justified in” reversing for factually insufficient evidence.  Watson
at 417 (emphasis in orig.).

        “Such a factual sufficiency
review requires the reviewing court to consider all of the evidence.”  Berry, 233 S.W.3d at 854 (citing Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006), cert. denied, 128 S. Ct. 87 (2007)); accord
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  “[T]he
evidence is reviewed in a neutral light rather than (as in a legal sufficiency
review) in the light most favorable to the verdict.”  Roberts v. State, 220
S.W.3d 521, 524 (Tex. Crim. App.), cert. denied, 128 S. Ct. 282
(2007); accord Johnson, 23 S.W.3d at 7; Ladd v. State, 3
S.W.3d 547, 557 (Tex. Crim. App. 1999).  The factual-sufficiency standard of
review permits the reviewing court to substitute its judgment for that of the
jury only “to a very limited degree.”  Marshall at 625 (quoting Watson,
204 S.W.3d at 415, 417).  “[F]actual-sufficiency review requires [a]
reviewing court to afford ‘due deference’ to a jury’s determinations.”  Id. (quoting Johnson at 9).  That “requirement meant to assure that Texas’ constitutional right to trial by jury remain ‘inviolate[,’ Tex. Const. art. I, § 15,] requires a direct-appeal
court to exercise its factual-sufficiency jurisdiction with ‘deferential
standards of review’ to jury verdicts.”  Roberts v. State, 221 S.W.3d
659, 664 n.7 (Tex. Crim. App. 2007) (quoting Clewis at 135).  “Although
an appellate court reviewing factual sufficiency has the ability to
second-guess the jury to a limited degree, the review should still be
deferential, with a high level of skepticism about the jury’s verdict required
before a reversal can occur.”  Roberts, 220 S.W.3d at 524 (citing Watson
at 417 and Cain v. State, 958 S.W.2d 404, 407, 410 (Tex. Crim. App.
1997)).  

        Katz points primarily to the
following evidence.  Katz testified that he was fleeing Hurricane Rita when
Officer Daniel stopped him.  As soon as Officer Daniel turned on his emergency
lights, Katz turned on his right-hand turn signal and slowed down to sixty
miles per hour.  There was no improved road shoulder from that point until Katz
stopped his truck.  Katz testified that he wanted to get to a public place with
lots of witnesses before stopping.  Katz testified that police officers “have a
license to kill,” and that he feared that they “could just shoot [him] and then
take everything [he] got.”  (9 R.R. at 60, 61.)  Katz did not speed up during
the time Officer Daniel was following Katz.  Katz twice waves at Officer
Daniel; Katz understood that as signals that he intended to stop.  Katz
testified that there was no safe place to stop before he did stop.  Katz
testified that he did not tell Officer Daniel that no Texas laws applied to
Katz, but that those concerning “the maximum lawful speed for commercial motor
vehicles, truck tractors, truck semi trailers and motor vehicles engaged in the
business of transporting passengers for compensation or hire” did not justify
the stop, since Katz was not transporting passengers.  (Id. at 71.)

        Considering the evidence in a
neutral light, we hold that the evidence is not weak so that the verdict is
clearly wrong or manifestly unjust, and that the verdict is not against the
great weight and preponderance of the evidence.  The evidence was factually
sufficient.  We overrule Katz’s second issue.

        Recusal.  In
Katz’s third issue, he contends that the trial-court judge and the presiding
judge of the administrative judicial region erred in not holding hearings on
Katz’s motions to recuse.  See Tex.
Gov’t Code Ann. §§ 74.041(1)-(2), 74.042(a)-(b) (Vernon 2005).  

        Katz’s complaints concern his
Demand to Disqualify the Visiting Judge, which Katz calls his first motion to
disqualify; and his Judicial Notice of Denial of Due Process by Davis, Et[] Al.
by Affidavit, which Katz calls his second motion to disqualify.  

        Texas
Rule of Appellate Procedure 33.1(a) provides:

       As a prerequisite to presenting a complaint
for appellate review, the record must show that:

       (1)   the complaint was made to
the trial court by a timely request, objection, or motion that:

       (A) stated the grounds for the
ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context; and

       (B)   complied with the
requirements of the Texas Rules of Civil or Criminal Evidence or the Texas
Rules of Civil or Appellate Procedure; and

       (2)   the
trial court:

       (A)  ruled on the request,
objection, or motion, either expressly or implicitly; or

       (B)   refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.

Tex. R. App.
P. 33.1(a).  “Except for complaints
involving systemic (or absolute) requirements, or rights that are waivable
only[,] . . . all other complaints, whether constitutional,
statutory, or otherwise, are forfeited by failure to comply with Rule
33.1(a).”  Neal v. State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004)
(quoting Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)).

        Texas Rule of Civil Procedure
18a provides: “At least ten days before the date set for trial or other hearing
in any” trial “court,”

any party may file with the clerk of the court a
motion stating grounds why the judge before whom the case is pending should not
sit in the case. . . .  The motion shall be verified and must
state with particularity the grounds why the judge before whom the case is
pending should not sit.  The motion shall be made on personal knowledge and
shall set forth such facts as would be admissible in evidence provided that
facts may be stated upon information and belief if the grounds of such belief
are specifically stated.

Tex. R. Civ.
P. 18a.  “The procedures for recusal
of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal
cases.”  De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)
(orig. proceeding); accord Arnold v. State, 853 S.W.2d 543, 544 (Tex.
Crim. App. 1993).

        “Verification is ‘[a] formal
declaration made in the presence of an authorized officer, such as a notary
public, by which one swears to the truth of the statements in [a] document.’”  Serrano
v. Ryan’s Crossing Apts., 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, no
pet.) (quoting Black’s Law Dictionary
1556 (7th ed. 1999)); see State v. LeBlanc, Inc., 399 S.W.2d 919,
922 (Tex. Civ. App.—Houston [1st Dist.] 1966, no writ).  

        Failure to comply with the
“provision[s] of Rule 18a bars complaint on appeal of the denial of a separate
hearing before another judge on the motion to recuse.”  DeBlanc v. State, 799
S.W.2d 701, 705 (Tex. Crim. App. 1990) (ten days’ notice); see Bruno v.
State, 916 S.W.2d 4, 8 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d)
(verification); Vargas v. State, 883 S.W.2d 256, 258-59 (Tex.
App.—Corpus Christi 1994, pet. ref’d) (verification).

        “[A] trial court is free to
disregard any pro se motions presented by a defendant who is represented by
counsel.”  Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App.
2007).

        The trial court permitted
Katz’s prior appointed counsel to withdraw in February, 2006.  On March 5,
2007, Katz filed his first motion to disqualify.  On March 8, the judge of the
administrative region determined that Katz’s motion “d[id] not provide specific
allegations necessary to warrant a hearing,” and denied the motion.  (5 C.R. at
604.)  On March 13, the trial judge granted Katz’s request for appointed
counsel, appointed counsel for Katz, and continued trial to March 26; the trial
court ultimately continued trial until July 2, 2007.  On March 15, 2007, Katz
filed his second motion to disqualify.  Katz remained represented by appointed
counsel and on bail through trial and on appeal.  

        The State argues that Katz’s
motions were not verified and may be disregarded.[2]  Katz generally refers to his motions as
“properly verified,” but does not further argue the matter.  (E.g., Br. at 30.)

        1.     As to Katz’s
first motion to recuse, we agree with the State that the motion is not
verified.  The closest we see to verification are the following.  First, the
motion concludes with what Katz calls a Jurat Acknowledgement, in which a
notary public states that Katz “did make, sign and seal, th[e] ‘DEMAND TO
DISQUALIFY THE VISITING JUDGE’ before” the notary.  (4 C.R. at 519.)  Katz does
not, however, swear to the truth of the statements in his motion.  Next,
attached as an appendix to Katz’s motion, is what Charles Torello calls his
Verified Notice of Facts.  The notice concludes with the following:

       I, Charles Torello, a man—consistent [sic]
Section 1746 of Title 28 of the United States Code and Article 1 Section 5 of
The Constitution of The State of Texas adopted on or about February 15th,
A.D. 1876—affirm under the pains and penalties of perjury under the laws of The
United States of America that the previous sixteen statements are true and
correct.  Executed this 3rd day of July in the Year of our LORD 2007
at the city of Garland, within the boundaries of The County of Dallas, located
within the boundaries of The State of Texas, located within the boundaries of
the perpetual Union styled “The United States of America”

over Torello’s signature.  (4 R.R. at
545); see 28 U.S.C. § 1746 (2000); Tex. Const. art. I, § 5.  Torello’s notice, however, is
not sworn to before a notary public.

        The lack of verification of
Katz’s first motion to recuse bars complaint concerning the lack of a live
hearing on the motion.

        2.     As to Katz’s
second motion to recuse, we agree with the State that the trial judge and the
judge of the administrative judicial region could properly have disregarded the
motion, which Katz filed pro se at a time when Katz was represented by
appointed counsel.  Katz served and filed the motion two days after the trial
judge had appointed counsel for Katz.  On that basis, then, the judges would
not have erred in not holding a hearing on Katz’s motion.

        Conclusion.  Katz does not present for appellate review a
complaint of the judges’ not holding a hearing on or forwarding Katz’s recusal
motions.  We overrule Katz’s third issue.

        Reporter’s Record.  In
Katz’s fourth issue, he contends that the court reporter erred in not making a
record of a hearing.

        “[W]hile it is error when a
court reporter does not transcribe all trial proceedings into the record, this
error is waived if not objected to.”  Brossette v. State, 99 S.W.3d 277,
285 (Tex. App.—Texarkana 2003, pet. ref’d, untimely filed); see Tex. R. App. P. 33.1(a); Langford v.
State, 129 S.W.3d 138, 139 (Tex. App.—Dallas 2003, no pet.).

        Katz does not point in the
record to any complaint concerning the court reporter’s not making a record of
any live hearing, and we see no such complaint.  Katz forfeited his fourth
issue.  We overrule Katz’s fourth issue.

        Conclusion.  Having overruled
Katz’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance dissents from the judgment
with a note) *

Affirmed

Opinion delivered and filed July 2, 2008

Do not publish

[CR25]

 

 

            * “(The
evidence in this case is a far cry from that necessary to support a conviction
under section 38.04.  See, e.g., Mayfield v. State, 219 S.W.3d 538,
539-41 (Tex. App.—Texarkana 2007, no pet.); Hobyl v. State, 152 S.W.3d
624, 625-28 (Tex. App.—Houston [1st Dist.] 2004), pet. dism’d, 193
S.W.3d 903 (Tex. Crim. App. 2006).  I would hold that the
evidence is legally insufficient, reverse the judgment, and render a judgment
of acquittal.  “Under Jackson v. Virginia, courts of appeals assessing
legal sufficiency are to consider all the evidence in the light most
favorable to the verdict. . . .”  Hooper v. State, 214 S.W.3d 9, 15
(Tex. Crim. App. 2007) (emphasis added).  The majority’s legal sufficiency
analysis only views some of the evidence—only the evidence supporting
the conviction; by failing to review and consider all of the evidence, it is
divorced from the context of the case and thus fails as a legal sufficiency
review.  From my review of all the evidence, Katz lacked the intent to flee
from the officer, and a rational juror could not reasonably infer Katz’s intent
to flee from the evidence.  See id. at 15-16.  Even when viewed in the
light most favorable to the verdict, the evidence indisputably shows that
Katz’s only intent was to stop at the first safe and public place.  The
videotape and the officer’s testimony show that, upon the officer’s activation
of his lights, Katz immediately turned on his blinker and took the first exit
off the interstate about a quarter-mile later.  Katz slowed down on the service
road and never sped up; he continued on the service road for three to four
miles, waving his hand out the window to acknowledge the officers each time the
patrol car’s siren was sounded.  The officer said that there was no improved
shoulder on the service road, that Katz stopped at the first public place on
the service road, and that Katz told him that he was fleeing Hurricane Rita and
had all of his belongings with him in his vehicle.  Katz, a self-described
“ardent constitutionalist” and “odd duck,” testified that he didn’t stop on the
interstate’s shoulder because it was dangerous and he didn’t want to slow the
heavy traffic and interfere with the hurricane evacuation, and that he wanted
to stop in the first safe, public place because he feared law enforcement and
because all of his belongings were in his vehicle.  As a further alternative, I
would hold that the administrative judge should have held or assigned a judge
to hold a hearing on the first motion to recuse.  I would therefore abate the
appeal for the hearing and then proceed accordingly.  Crosson v. State,
36 S.W.3d 642, 647-48 (Tex. App.—Houston [1st Dist.] 2000, order); Sanchez
v. State, 926 S.W.2d 391, 394 (Tex. App.—El Paso 1996, pet. ref’d). The
abatement order should also require the trial judge to settle the issue
concerning the completeness of the reporter’s record.  Killough v. State,
229 S.W.3d 343, 343 (Tex. App.—Waco 2007, order); Tex. R. App. P. 13.1 (“The official court reporter or court
recorder must: (a) unless excused by agreement of the parties, attend
court sessions and make a full record of the proceedings; . . . .”) (Emphasis
added).)”

 









                [1] Katz argues that we
should consider as evidence contrary to the verdict what Katz calls the trial
court’s bias against him.  But the trial court’s comments do not constitute
evidence.





                [2] The State argues, first,
that Katz’s motions were untimely.  Katz filed his first motion less than ten
days before the trial court’s actions on March 13, 2007.  Katz filed his second
motion more than ten days before the next trial setting, on March 26.  We
assume without deciding that Katz’s motions timely provided ten days’ notice.